OPINION
{¶ 1} Rolandus Austin was sentenced to eight years imprisonment on a charge of rape, a first degree felony. On appeal, Austin presents one assignment of error.
 {¶ 2} "The trial court erred in sentencing appellant to a term of imprisonment over and above the statutory prescribed minimum sentence without stating the findings required by R.C. 2929.14(B)(2) upon the record, in open court, in the presence of appellant, and in accord withState v. Comer, 99 Ohio ST.3d 364 (SIC), 2003-Ohio-4165."
 {¶ 3} The straightforward issue on appeal is whether the trial court, when imposing a sentence — which is neither the minimum nor maximum sentence — upon a defendant who has previously served a prison sentence, must make any findings in open court in imposing that sentence.
 {¶ 4} We conclude the answer is no and overrule the assignment of error.
 {¶ 5} From the sentencing hearing, it is clear that Austin had previously served a prison term. On February 10, 2005, this court, on its own motion, supplemented the record with the presentence investigation report and verified that Austin had previously served a prison term.
 {¶ 6} Seemingly, Austin contends that the trial court should have found that he was not a first offender and that he had previously served a prison term. (Appellant's Brief, p. 3).
 {¶ 7} R.C. 2929.14(B) states in part:
 {¶ 8} ". . . if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless one or more of the following applies:
 {¶ 9} "(1) The offender was serving a prison term at the time of the offense, or the offender previously had served a prison term.
 {¶ 10} "(2) The court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others."
 {¶ 11} R.C. 2929.14(B)(1), which applies here, does not require findings on the record, as does R.C. 2929.14(B)2. State v. Comer,99 Ohio St.3d 463, 2003-Ohio-4165, which dealt with consecutive sentences and non-minimum sentences imposed on first offenders, does not apply to this case. See also State v. Brenda Johnson (Feb. 4, 2005), Montgomery App. No. 20469, wherein we observed that R.C. 2929.14(B)(1) does not require findings on the record notwithstanding imposition of a greater than minimum but less than maximum sentence.
 {¶ 12} The judgment will be affirmed.
Brogan, P.J. and Grady, J., concur.